1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KEVIN LEMIEUX, *individually and on behalf of all others similarly situated*,

                              Plaintiff,

        v.

LENDER PROCESSING CENTER, *et al.*,

                              Defendants.

Case No. 16-cv-1850-BAS(DHB)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**[ECF No. 10]**

       Defendant Hightechlending brings this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff Kevin Lemieux lacks standing and fails to state a claim upon which relief can be granted. (ECF No. 10.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

//

//

//

16cv1850

## I.      BACKGROUND

Plaintiff Kevin Lemieux brings this class-action complaint against Defendants Lender Processing Center and Hightechlending, Inc. for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*[1] According to the complaint, Defendants placed a telemarketing call to Plaintiff's cell phone one time using an automatic telephone dialing system ("ATDS"). (Compl. ¶¶ 14-15, 22.) "During the call, there was a heard pause and/or clicking noise before a representative of Defendants came on the line." (*Id.* ¶ 18.) "Defendants' representative informed Plaintiff that the call was from Lender Processing Center." (*Id.* ¶ 23.) The call was then transferred "to a different female representative, an application manager, who informed Plaintiff that the call was from High Tech Lending." (*Id.* ¶ 24.)

The call invaded Plaintiff's privacy and caused Plaintiff "frustrat[ion] and distress[]." (Compl. ¶¶ 1, 28-29.) It also caused Plaintiff and other class members to "live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing nuisance and lost time." (*Id.* ¶ 30.) The call "was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls." (*Id.* ¶ 21.)

## II.      LEGAL STANDARDS

Federal courts are limited to hearing "actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Failure to allege an actual case or controversy subjects a plaintiff to dismissal for lack of standing under Federal Rule of Civil Procedure 12(b)(1). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [standing]." *Spokeo*, 136 S. Ct. at 1548. The plaintiff must clearly allege facts

---

[1] On July 29, 2016 Plaintiff voluntarily dismissed Lender Processing Center from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (ECF No. 4.)

1   demonstrating that an actual case or controversy exists. *See id.*

2       A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

3   Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.

4   Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court

5   must accept all factual allegations pleaded in the complaint as true and must

6   construe them and draw all reasonable inferences from them in favor of the

7   nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

8   1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed

9   factual allegations, rather, it must plead "enough facts to state a claim to relief that

10  is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

11  claim has "facial plausibility when the plaintiff pleads factual content that allows

12  the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

14  550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with'

15  a defendant's liability, it stops short of the line between possibility and plausibility

16  of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

17  557).

18      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

19  relief' requires more than labels and conclusions, and a formulaic recitation of the

20  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting

21  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need

22  not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference

23  the court must pay to the plaintiff's allegations, it is not proper for the court to

24  assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that

25  defendants have violated the . . . laws in ways that have not been alleged."

26  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

27  U.S. 519, 526 (1983).

28  //

16cv1850

**III.   DISCUSSION**

    **A.   Objections / Requests for Judicial Notice**

Hightechlending requests that the Court take judicial notice of an oral argument and ruling from the District of New Jersey in *Sussino v. Work Out World, Inc.* as well as various other class-action complaints filed by the same plaintiff in other cases. (ECF No. 10-2.) Plaintiff objects. (ECF No. 12-1.) Plaintiff requests that the Court take judicial notice of a minute order and hearing transcript from the Northern District of Illinois in *Johnson v. Yahoo! Inc.* (ECF No. 12-2.)

Although non-precedential, the Court agrees to take judicial notice of the transcripts and rulings in the two cases from other districts. *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). However, the Court agrees that Kevin Lemieux's many other class-action complaints alleging violations of the TCPA are irrelevant to this case. Therefore, the Court declines to take judicial notice of these other cases.

Plaintiff further objects to the reply brief filed in this case arguing: (1) it inappropriately includes extrinsic evidence; (2) it improperly raises new arguments for the first time; and (3) it violated Civil Local Rule 7.1(h) because it exceeds ten pages. (ECF No. 14.) Hightechlending responds by filing an amended reply brief that does not exceed ten pages. (ECF No. 15.) Plaintiff objects that the amended reply brief is untimely and filed without leave of the court to file an amended reply. (ECF No. 17.)

The Court overrules the first two objections but agrees that the reply brief violates Civil Local Rule 7.1(h), and the amended reply brief is untimely and filed without leave of the Court. Therefore, the Court agrees with Plaintiff and **ORDERS STRICKEN** the last two pages of Hightechlending's reply brief (ECF No. 13) and the entire amended reply brief (ECF No. 15).

//

//

**B.    Standing**

Hightechlending moves to dismiss Plaintiff's Complaint for lack of standing. In particular, it argues that under the Supreme Court's recent decision in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has not suffered a concrete injury as a result of the alleged statutory violation.

*Spokeo* reiterated that "[t]o establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A concrete injury, although it may be intangible, must actually exist. *Id.* at 1549. When determining whether an intangible injury actually exists, both history and the judgment of Congress play important roles, but "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically suffers the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* In other words, a plaintiff may not rely solely on the statute to claim harm, he must show that he suffered actual harm beyond the violation of the statute.

The vast majority of district courts considering the issue post-*Spokeo* have found that the violation of privacy caused by a violation of the TCPA is sufficient actual, albeit intangible, injury to constitute standing. *See Juarez v. Citibank, NA*, No. 16-cv-1984-WHO, 2016 U.S. Dist. Lexis 118483, at *8 (N.D. Cal. Sept. 1, 2016) ("Even a single phone call can cause lost time, annoyance, and frustration."); *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2016 WL 4439935, at *6 (N.D. Ill. Aug. 23, 2016) ("[U]nsolicited telephone contact [in violation of the TCPA] constitutes an intangible concrete harm."); *Mey v. Got Warranty, Inc.*, No. 5:15-cv-101, 2016 WL 3645195, at *3 (N.D. W. Va. June 30, 2016) ("This Court finds that unwanted phone calls cause concrete harm."); *Wilkes v. Care Source Mgmt. Grp., Co.*, No. 4:16-cv-038-JD, 2016 WL 7179298, at *5 (N.D. Ind. Dec. 9,

– 5 –

2016) (concurring with the reasoning in *Aranda* and *Mey*); *Cour v. Life360, Inc.*, No. 16-cv-805-TEH, 2016 WL 4039279, at *6 (N.D. Cal. July 28, 2016) (plaintiff's allegation that he was harmed because defendant invaded his privacy when it called in violation of the TCPA is sufficient concrete injury.); *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 U.S. Dist. Lexis 89136, at *4-5 (E.D. Ky. July 11, 2016) (Invasion of privacy caused by a violation of the TCPA is sufficient injury for standing.); *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (In contrast to the facts of *Spokeo*, TCPA violations alleged here, if proven, required plaintiffs to waste time answering or otherwise addressing widespread robocalls.); *Krakauer v. Dish Network, LLC*, 168 F. Supp. 3d Inc., 843, 845 (M.D.N.C. 2016) ("Telemarketing calls made in violation of the . . . TCPA are more than bare procedural violations; . . . These calls form concrete injuries because unwanted telemarketing calls are a disruptive and annoying invasion of privacy."); *A.D. v. Credit One Bank, N.A.*, No. 14 C 10106, 2016 U.S. Dist. Lexis 110393, at *17-18 (N.D. Ill. Aug. 19, 2016) (The TCPA "directly forbids activities that by their nature infringe the privacy-related interests that Congress sought to protect by enacting the TCPA." "Both history and the judgment of Congress suggest that violation of this substantive right is sufficient to constitute a concrete, de facto injury."); *LaVigne v. First Cmty. BancShares, Inc.*, No. 1:15-cv-934-WJ-LF, 2016 WL 6305992, at *4 (D.N.M. Oct. 19, 2016) (The Supreme Court in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 745 (2012) "recognized that, in enacting the TCPA, Congress determined that 'unrestricted telemarketing . . . can be an intrusive invasion of privacy' and that automated or prerecorded telephone calls made to private residences 'were rightly regarded by recipients as an invasion of privacy.'"); *Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-1109-JST, 2016 WL 5791411 at *5 (N.D. Cal., Sept. 1, 2016) ("unlike a statutory violation of the FCRA [as alleged in *Spokeo*] which may result in no harm, a statutory violation of [the TCPA] inherently presents a risk of

real harm, even if that harm is difficult to prove or measure such that the statutory violation is sufficient on its own to constitute injury in fact.").

Hightechlending points to several district court cases that rule to the contrary. In *Sussino v. Work Out World*, No. 15-5881 (PGS) (D.N.J. Aug. 1, 2016) (ECF No. 10-2, Ex. 1), for example, the district court found the plaintiff could not claim an intrusion on her privacy because she did not answer the call placed in violation of the TCPA. Clearly, that case is factually distinguishable from this one where Plaintiff alleges he answered the call and spoke to both representatives from Lending Processing Center and High Tech Lending. (Compl. ¶¶ 18, 23-24.) In both *Hernandez v. Path, Inc.*, No. 12-cv-1515-YGR, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012), decided before *Spokeo*, and *Smith v. Aitima Medical Equipment, Inc.*, No. ED CV 16-339-AB (DTBx), 2016 WL 4618780 (C.D. Cal. July 29, 2016), the district courts found that allegations of diminished storage, battery life, or band width on a cell phone from a call made in violation of the TCPA were insufficient harm to warrant standing. However, neither court addressed the argument that a violation of privacy alone, and the nuisance from a telemarketing call made from an ATDS, was a sufficient injury.

Finally, in *Romero v. Department Stores National Bank*, No. 15-cv-193-CAB-MDD, 2016 WL 4184099 (S.D. Cal. Aug. 5, 2016), the court began from the premise that "[a] plaintiff cannot have suffered an injury in fact as a result of a phone call she did not know was made." *Romero*, 2016 WL 4184099, at *3. In that case, the plaintiff alleged the defendant debt collector had called her cellular telephone over 290 times in a six-month period, but she only answered the telephone call on two occasions, and frequently was unaware the defendant was calling her phone. The court continued, "[m]oreover, even for the calls Plaintiff heard ring or actually answered, Plaintiff does not offer any evidence of a concrete injury caused by the use of an ATDS, as opposed to a manually dialed call." *Id.* Because the defendant was a debt collector attempting to collect a debt from the

1  plaintiff by calling a cell phone number she gave as a contact number, any "lost

2  time, aggravation or distress" she suffered was not because the defendant used an

3  ATDS in violation of the TCPA, but because she was being contacted by a debt

4  collector:

5  
6  
7  
8  
9  
10

> Defendants here were creditors of Plaintiff and were
> attempting to collect a debt. They were calling Plaintiff's
> cell phone because that was the only telephone number
> she provided them. Although these calls seeking to
> collect debts may have been stressful, aggravating and
> occupied Plaintiff's time, that injury is completely
> unrelated to Defendants' use of an ATDS to dial her
> number. Plaintiff would have been no better off had
> Defendants dialed her telephone number manually.

11  *Id.* at *6.

12      Several courts have rejected the decision in *Romero* outright. *See LaVigne v.*

13  *First Cmty. BancShares, Inc.*, No. 1:15-cv-934-WJ-LF, 2016 WL 6305992, at *6

14  (D.N.M. Oct. 19, 2016) ("*Romero* is an outlier[.]); Mbazomo v. Etourandtravel,

15  Inc., No. 2:16-cv-2229 SB, 2016 WL 7165693 (E.D. Cal Dec. 8, 2016) (rejecting

16  the reasoning of *Romero*); *Wilkes v. CareSource Mgmt. Grp., Co.*, No. 4:16-cv-038-

17  JD, 2016 WL 7179298, at *5 (N.D. Ind. Dec. 9, 2016) ("The injuries at issue are

18  caused by the placing of unwanted phone calls . . . . That the TCPA only proscribes

19  such calls when made with auto-dialers . . . does not mean that the existence of an

20  injury for Article III purposes depends on whether those means are used, but only

21  that plaintiffs do not have a cause of action when they are not.").

22      Although this Court agrees that a bare allegation of a violation of the TCPA

23  could be an insufficient allegation of injury to establish standing, such as when a

24  telephone call is unheard or unanswered, this is not such a case. Plaintiff alleges he

25  heard the call, answered the call, spoke with both Defendants who were attempting

26  to solicit his business without his consent, incurred a charge for the incoming call,

27  and suffered frustration, distress, and lost time because of the invasion of his

28  privacy. (Compl. ¶¶ 21, 23-24, 28-30.) These facts are distinguishable from

1   *Romero*, and the allegations are sufficient to show a concrete injury. Therefore, the

2   motion to dismiss for lack of standing is **DENIED**.

3

4   **C.     Insufficient Allegations of Use of an ATDS**

5        Hightechlending moves to dismiss for insufficient allegations arguing that

6   the Complaint fails to allege sufficient facts to support the theory that an ATDS was

7   used. (ECF No. 10.) The TCPA prohibits the use of an ATDS to place calls to a

8   cellular telephone without the recipient's prior express consent. 47 U.S.C. §

9   227(b)(1)(A)(iii). An ATDS is defined as "equipment which has the capacity—(A)

10  to store or produce telephone numbers to be called, using random or sequential

11  number generator, and (b) to dial such numbers." 47 U.S.C. § 227(a)(1).

12       Courts have recognized the difficulty a plaintiff has in alleging sufficient

13  facts regarding the calling system used by a defendant without the benefit of

14  discovery. *Knutson v. Reply! Inc.*, No. 10-cv-1267 BEN (WMc), 2011 WL

15  1447756, at *1 (S.D. Cal. Apr. 13, 2011). Therefore, some courts have allowed

16  minimal allegations that the defendant used an ATDS recognizing that the type of

17  equipment used by the defendant to place the call is within the sole possession of

18  the defendant. *See Maier v. J.C. Penney Corp., Inc.*, No. 13cv0163-IEG (DHG),

19  2013 WL 3006415, at *3 (S.D. Cal. June 13, 2013) (citing *In re Jiffy Lube Int'l,*

20  *Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012)) ("While

21  additional factual details about the machines might be helpful, further facts are not

22  required to move beyond the pleading stage.").

23       Most courts, however, have required a plaintiff to plead at least some facts,

24  easily available to him or her, on the basis of personal knowledge and experience,

25  which would support the allegation that an ATDS was used. *Maier*, 2013 WL

26  3006415, at *3 (citing *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551,

27  at *3 (N.D. Ill. Dec. 18, 2012)) ("It is not unreasonable . . . to require a plaintiff to

28  describe  the  phone  messages  he  received  in  laymen's  terms  or  provide  the

circumstances surrounding them to establish his belief that the messages were . . . delivered via an ATDS.").

In this case, Plaintiff alleges Defendants placed a telemarketing call to Plaintiff's cell phone one time using an ATDS. (Compl. ¶¶ 14-15, 22.) Plaintiff heard a "pause and/or clicking noise before a representative of Defendants came on the line." (*Id.* ¶ 18.) "Defendants' representative informed Plaintiff that the call was from Lender Processing Center." (*Id.* ¶ 23.) The call was then transferred "to a different female representative, an application manager, who informed Plaintiff that the call was from High Tech Lending." (*Id.* ¶ 24.) Plaintiff had no business relationship with Defendants, and the call was made by Defendants to solicit Plaintiff's business. (*Id.* ¶¶ 13, 22.) Although the call was made from two California companies, the area code calling Plaintiff's cell phone was not from California. (*Id.* ¶¶ 11, 16, 24.)

These allegations are sufficient factual allegations to support Plaintiff's allegation that an ATDS was used. Although some courts have found that the allegation of a pause is insufficient, *see Smith*, 2016 WL 4618780, this Court agrees with those that have found "[t]he precise length of the pause and how long it takes to transfer or route a call is inappropriate at the pleading stage." *Oliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S. Dist. Lexis 47964, at *11 (N.D. Ill. Apr. 13, 2015). The allegation that Plaintiff heard a "pause and/or clicking noise before a representative of Defendants came on the line" is a sufficient description in laymen's terms to establish Plaintiff's belief that the call was delivered via an ATDS. *See also Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015) (allegation of a "telltale" pause after plaintiff picked up the telephone is sufficient at the pleadings stage to allege use of an ATDS); *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937 (C.D. Cal. 2015) (plaintiffs' allegations that defendant used an ATDS and that he heard a "pause" after answering the telephone was sufficient at the pleading

stage).

Plaintiff's allegations that an ATDS was used are sufficient to withstand a motion to dismiss. Further inquiry into Defendant's use of an ATDS is better left to discovery and a motion for summary judgment.

### D.   Insufficient Allegations Against Hightechlending

Hightechlending finally requests dismissal arguing that the allegations against Hightechlending, as opposed to the Lender Processing Center, are insufficient. Plaintiff alleges both Defendants initiated and placed a telemarketing call to his cell phone using an ATDS. (Compl. ¶¶ 4, 14-15, 22.) Plaintiff further alleges that both Defendants' representatives said she was from Lender Processing Center but then transferred him to a different representative who said "the call was from Hightechlending." (*Id.* ¶ 24.) The Court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Accepting these allegations as true and construing them in Plaintiff's favor, he has alleged sufficient facts that Hightechlending is responsible for the telephone call that allegedly violated the TCPA.

## IV.   CONCLUSION & ORDER

In light of the foregoing, Defendant's motion to dismiss is **DENIED**. (ECF No. 10.) Furthermore, exercising its discretion, Plaintiff's *ex parte* applications for leave to file notices of supplemental authority is also **DENIED**. (ECF Nos. 18, 21.)

**IT IS SO ORDERED.**

DATED:  March 24, 2017

Hon. Cynthia Bashant
United States District Judge

– 11 –

16cv1850