SHANNON MARIE JENKINS, ESQ. (Bar No. 189781)
MICHAEL A. HELLBUSCH (Bar No. 259315)
TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
Telephone:  (949) 756-0684
Facsimile:   (866) 298-9254

Attorneys for HighTechLending, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEMIEUX, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENDER PROCESSING CENTER and HIGHTECHLENDING, INC.,<br><br>Defendants. | Case No. 16CV1850 BAS DHB<br><br>**HIGHTECHLENDING, INC.'S THIRD-PARTY COMPLAINT**<br><br>The Hon. Hon. Cynthia Bashant<br><br>**JURY TRIAL DEMANDED** |
| HIGHTECHLENDING, INC., a California corporation,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>ELITE ONE PLUS, INC., a California corporation; 800 CAPITAL, INC., a California corporation; SHABAB TAREH, an invididual; AMIR MONTAZERAN, an individual; and ALLAN BUENAFE, an individual; and DOES 1-10,<br><br>Third Party Defendants. | |

Defendant HighTechLending, Inc. ("HTL"), pursuant to Rule 14(a) of the

Federal Rules of Civil Procedure, hereby alleges against Third-Party Defendants Elite One Plus, Inc. ("Elite One"), 800 Capital, Inc. ("800 Capital"), Shahab Tareh ("Tareh"), Amir Montazeran ("Montazeran"), and Allan Buenafe ("Buenafe"), and DOES 1-10 (hereinafter collectively referred to as "Third-Party Defendants") as follows:

1. HTL is a corporation organized under the laws of the State of California with its principal place of business located in the State of California.

2. Upon information and belief, Elite One is a corporation organized under the laws of the State of California with its principal place of business located in the State of California. Upon information and belief, Elite One is in the business of providing telemarketing sales, related customer services solutions, and lead generation services. Upon information and belief, Elite One is a parent, subsidiary, or affiliate of 800 Capital and was the predecessor in interest to Elite One in its relationship with HTL.

3. Upon information and belief, 800 Capital, Inc. is a corporation organized under the laws of the state of California with its principal place of business located in the State of California. Upon information and belief, 800 Capital is in the business of providing telemarketing sales, related customer solutions, and lead generation services. Upon information and belief, 800 Capital is a parent, subsidiary, or affiliate of Elite One and/or, and was the successor in interest to Elite One in its relationship with HTL.

4. Upon information and belief, Shahab Tareh, aka "Anthony Tareh," is an individual resident of the State of California. Upon information and belief, at all relevant times Tareh was the Director of Elite One and was also a director, officer, or manager at 800 Capital.

5. Upon information and belief, Montazeran, aka "Mike Monte," is an individual resident of the State of California. Upon information and belief, at all relevant times Montazeran was an employee, director, officer, and/or manager at

Elite One, 800 Capital.

6. Upon information and belief, Buenafe is an individual resident of the State of California. Upon information and belief, at all relevant times Buenafe was the CEO, Secretary, and CFO, as well as a director, of both Elite One and 800 Capital.

7. HTL is informed and believes and thereon alleges that each of the Third-Party Defendants designated herein as a DOE is responsible in some manner for the happenings and events hereinafter alleged and negligently or otherwise caused the losses and/or damages herein alleged.

8. HTL is informed and believes, and on that basis alleges, that at all times mentioned herein, each of the Third-Party Defendants was acting as the employee, agent, principal, officer, partner, joint venture, director, alter ego, or other representative of one or more of the remaining Third-Party Defendants and, in committing the acts and/or omissions alleged herein, was acting within the scope and course of such employment, agency, partnership, joint venture, alter ego, or other relationship, and with the knowledge and consent of the remaining Third-Party Defendants.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Third-Party Defendants named herein at DOES 1 through 10, inclusive, are unknown to HTL who therefore sues said Third-Party Defendants by such fictitious names. HTL will seek leave to amend its Third-Party Complaint to show their true names and capacities when the same have been ascertained.

## JURISDICTION & VENUE

10. The Court has subject matter jurisdiction over HTL's claims under 28 U.S.C. § 1367(a) because they are so related to the Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district based on the original complaint filed in

the action by Plaintiff against HTL which alleges that venue is proper because Plaintiff resides in the County of San Diego and that the conduct complained of occurred within that judicial district. Facts

12. HTL is a residential mortgage loan originator licensed in the State of California. HTL is organized into separate branches, with each branch responsible for its own marketing and lead generation.

13. Upon information and belief, Elite One and 800 Capital are in the business of providing lead generation services via telemarketing.

14. Upon information and belief, Tareh and Montazeran entered into business relationships with Buenafe to perform telemarketing services under the entities Elite One and 800 Capital.

15. In approximately May of 2015, HTL "Branch 090" entered into an agreement with Elite One, and later, 800 Capital, by which those entities agreed to provide lead generation services to the Branch 090.

16. While HTL was aware of Branch 090's marketing efforts, it was not aware of how the lead generation services were being performed. Elite One and, later, 800 Capital represented to Branch 090 that the lead generation services were being performed in compliance with all applicable laws, including the TCPA.

17. HTL did not authorize, ratify, or consent to any agreements with Elite One, 800 Capital, or any other entity to perform telemarketing services in violation of the TCPA.

18. An implied element of every contract is that all applicable laws in force when the contract is made are part of the agreement. The TCPA was in force at the time of the aforementioned contractual relationship and at all relevant times before and after.

19. An implied element of every contract is the covenant of good faith and fair dealing which imposes a duty upon the party to a contract to perform faithfully and not deprive the other party of the benefits of the contract.

20. Implied in every contractual obligation is the requirement that the obligation will be performed fully or properly.

21. HTL is informed and believes that Third-Party Defendants subcontracted with other vendors to carry out various elements of the lead generation, but Branch 090 only contracted and communicated with Elite One and, later, 800 Capital.

22. HTL did not have any knowledge of the means or methods for providing the lead generation and telemarketing services. To the extent that phone calls sent to any member of the putative class violated the TCPA, Third-Party Defendants failed to comply with the TCPA by arranging for the sending of those messages.

23. Third-Party Defendants Tareh, Montazeran, and Buenafe, acted at all relevant times as officers, directors, and/or managers of Elite One and 800 Capital such that they controlled those entities entirely.

24. 800 Capital, Elite One, and DOES 1-10 were not authorized by HTL to conduct telemarketing in violation of the TCPA, nor was any such conduct approved, ratified, or otherwise consented to by HTL.

25. On July 20, 2016, Plaintiff initiated the above-captioned lawsuit against HTL, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") (the "Complaint").

26. In pertinent part, the Complaint alleges that Plaintiff, and putative class members, received unsolicited calls from a telephone number displayed as 641-138-6231, and that such calls were placed by Defendant HTL.

27. HTL filed an Answer to the Complaint on or about April 12, 2017, denying the truthfulness of material allegations contained in the Complaint and further denying that Plaintiff, or any putative class member, are entitled to any of the relief sought in the above-captioned lawsuit.

28. The allegations and claims set forth against HTL in the Complaint in

this action emanate from the unauthorized acts of Third-Party Defendants and not from any action taken by HTL. Third-Party Defendants are obligated by equity and implication to indemnify, defend, and hold harmless HTL for any and all losses liabilities, claims, damages, liens, causes of action, awards, judgments, costs, and expenses of whatever kind or nature arising out of their actions in violation of the TCPA, if any.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Elite One and 800 Capital)

29. HTL adopts and incorporates by reference paragraphs 1 to 28 of this Third-Party Complaint.

30. Beginning in approximately May 2015, HTL Branch 090 entered into an agreement with Elite One, later 800 Capital, to perform lead generation services in exchange for the payment of money.

31. An implied element of every contract is that all applicable laws in force when the contract is made are part of the agreement. The TCPA was in force at the time of the aforementioned contractual relationship and at all relevant times before and after.

32. An implied element of every contract is the covenant of good faith and fair dealing which imposes a duty upon the party to a contract to perform faithfully and not deprive the other party of the benefits of the contract.

33. Implied in every contractual obligation is the requirement that the obligation will be performed fully or properly.

34. To the extent HTL is found liable to Plaintiff or any other member of the putative class for violations of the TCPA, HTL seeks implied contractual indemnification from Third-Party Defendants, and each of them, for all damages, costs, and attorneys' fees for which HTL is found liable. HTL also seeks indemnification for its own attorneys' fees in defending this action.

## SECOND CAUSE OF ACTION

### (Equitable Indemnity Against All Third-Party Defendants)

35. HTL adopts and incorporates by reference paragraphs 1 to 34 of this Third-Party Complaint.

36. Taking the Plaintiff's allegations as true, by failing to obtain proper consent prior to sending the telemarketing calls, Third-Party Defendants have violated the TCPA.

37. As a direct and proximate result of Third-Party Defendants' conduct, HTL has incurred and will continue to incur costs in defending the main action and is exposed to substantial damages in this action.

38. To the extent HTL is found liable to Plaintiff or any other member of the putative class for violations of the TCPA, HTL seeks indemnification from Third-Party Defendants, and each of them, for all damages, costs, and attorneys' fees for which HTL is found liable. HTL also seeks indemnification for its own attorneys' fees in defending this action.

## THIRD CAUSE OF ACTION

### (Declaratory Relief Against All Third-Party Defendants)

39. HTL adopts and incorporates by reference paragraphs 1 to 38.

40. If HTL is found liable for any amount in the main action, such liability will be based upon the wrongful acts of Third-Party Defendants, and each of them.

41. HTL anticipates that an actual controversy will arise and may exist between HTL and Third-Party Defendants in that Third-Party Defendants deny that responsibility for the damages claimed by the putative class in the main action rests on Third-Party Defendants. HTL further believes that Third-Party Defendants will deniy that, as a result of that responsibility, it is obliged to defend HTL in the main action and indemnify HTL for any sums that it may be compelled to pay as a result of any damages, judgment, or other awards recovered by the putative class in the main action.

42. HTL desires a judicial determination of the rights and duties of Third-Party Defendants, and each of them, with respect to the damages claimed in the main action. In particular, HTL seeks a declaration of Third-Party Defendants' responsibility to indemnity HTL for any sums that it may be compelled to pay, for which Third-Party Defendants, and each of them, are deemed responsible.

43. Such a declaration is appropriate and necessary at this time so that HTL may ascertain its rights and duties with respect to the claims set forth in the main action.

44. Furthermore, the claims of the main action and those of HTL against Third-Party Defendants arise out of the same transaction. The determination of both claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if HTL is required now to defend the main action and then bring a separate action against Third-Party Defendants for indemnification for any damages, judgment, or other awards recovered by the putative class action against HTL.

## FOURTH CAUSE OF ACTION

### (Contribution)

45. HTL adopts and incorporates by reference paragraphs 1 to 44.

46. Third-Party Defendants have an independent, statutory duty not to violate the TCPA.

47. If the messages alleged by Plaintiff in the Complaint violated the TCPA, Third-Party Defendants have violated their duties under the TCPA. Thus, if HTL is found to be liable to Plaintiff or the putative class members in any amount as alleged in the Complaint, any statutory damages that arise from such liability are the same as would be assessed against Third-Party Defendants.

48. Accordingly, HTL is entitled to contribution from Third-Party Defendants with regard to any judgment relating to the Complaint that is entered against it, and in an amount in direct proportion to the culpability of the Third-Party

Defendants.

## Prayer For Relief

WHEREFORE, HTL prays for judgment as follows.

A. Dismissing plaintiff's claims;

B. For equitable relief in the form of full indemnification as to each and every cause of action asserted by Plaintiff against HTL in the Complaint (or in any amended complaint filed hereafter);

C. For an award of reasonable attorneys' fees and other costs incurred by DoCircle defending against Plaintiff's allegations in the Complaint (or in any amended complaint filed hereafter) and in prosecuting this Third Party Complaint (or any amended third party complaint filed hereafter);

D. For damages against Third-Party Defendants in an amount to be determined at trial;

E. For a declaration of Third-Party Defendants' obligations to indemnify and defend the HTL and of the amount that Third-Party Defendants is obligated to indemnify HTL in connection with any recovery awarded to the putative class pursuant to the main action;

F. For judgment in the form of contribution from Third-Party Defendants to any sums adjudged against HTL, in an amount proportionate to Third-Party Defendants' culpability;

G. For such other and further relief as this Court may deem necessary or appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## JURY DEMAND

Defendant/Third-Party Plaintiff HTL demands a trial by jury.

DATED: April 12, 2017　　　　　TREDWAY, LUMSDAINE & DOYLE LLP

By: *s/s Michael A. Hellbusch*
MICHAEL A. HELLBUSCH
Attorneys for HighTechLending, Inc.

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 2010 Main Street, Suite 1000, Irvine, CA 92614.

On April 12, 2017, I served true copies of the following document(s) described as **HIGHTECHLENDING, INC.'S THIRD-PARTY COMPLAINT** on the interested parties in this action as follows:

Abbas Kazerounian, Esq.
ak@kazlg.com
Jason A. Ibey, Esq.
jason@kazlg.com
KAZEROUNI LAW FIRM GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 926265
Ph: (800) 400-6808
Fax: (800) 520-5523

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 12, 2017, at Irvine, California.

s/s *Janet L. Johnson*
Janet L. Johnson