# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEMIEUX,<br><br>              Plaintiff,<br><br>    v.<br><br>LENDER PROCESSING CENTER; HIGHTECHLENDING, INC.,<br><br>              Defendants.<br><br>HIGHTECHLENDING, INC.,<br><br>              Third-Party Plaintiff,<br><br>    v.<br><br>800 CAPITAL, INC., *et al*.,<br><br>              Third-Party Defendants. | Case No. 16-cv-01850-BAS-DHB<br><br>**ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 60]** |

     Plaintiff filed a putative class action complaint (the "Complaint") against Lender Processing Center ("LPC") and Hightechlending, Inc. ("Hightech"), alleging a violation of the Telephone Consumer Protection Act ("TCPA"). (ECF No. 1.) Plaintiff subsequently voluntarily dismissed LPC. (ECF No. 4.) Thereafter, Hightech answered and filed a Third Party Complaint against Third Party Defendants Elite One Plus, Inc. ("Elite"), 800 Capital, Inc. ("800 Capital"), Shabab Tareh, Amir Montazeran, and Allan Buenafe. Hightech alleges that the Third Party

Defendants provided it with lead generation services via telemarketing and, therefore, were responsible for the violations of the TCPA. (ECF No. 28.) Plaintiff has since settled his claims against Hightech. His claim has been dismissed with prejudice and the claim on behalf of the class has been dismissed without prejudice. (ECF No. 66.) Thus, the only remaining claims in this action are those asserted in the Third Party Complaint.

All but one Third Party Defendant now move for judgment on the pleadings claiming there is no right of contribution or indemnity under the TCPA.[1] For the reasons set forth herein, the Court agrees and **GRANTS** the Motion for Judgment on the Pleadings. (ECF No. 60.) The Court declines to exercise supplemental jurisdiction over Hightech's state law breach of contract claim. Furthermore, the Court dismisses the remaining claims against Third Party Defendant Montazeran.

## I. THIRD PARTY COMPLAINT ALLEGATIONS

Third Party Plaintiff Hightech is a California-based residential mortgage loan originator organized into separate branches. (Third Party Complaint, ECF No. 28 ("TPC") ¶¶1, 12.) Each branch is responsible for its own marketing and lead generation. (*Id*. ¶12.) Third Party Defendants Elite and 800 Capital are California-based entities in the business of providing lead generation services via telemarketing (*id*. ¶¶2–3, 13), and Third Party Defendants Shebab Tareh, Amir Montazeran and Allen Buenafe are all individuals who are either employees, directors, officers, managers, or, in Buenafe's case, CEO, Secretary or CFO of Elite and 800 Capital. (*Id*. ¶¶4–6.) One of Hightech's branch offices entered into an agreement with Elite and 800 Capital to provide lead generation services. (*Id*. ¶¶15, 30.)

Plaintiff Kevin Lemieux filed a putative class action claiming he received a call on his cellular telephone from an automatic telephone dialing system ("ATDS")

---

[1] Third Party Defendant Amir Montazeran has not moved for judgment on the pleadings. The Clerk of the Court entered default against him on June 15, 2017. (ECF No. 37.)

in violation of the TCPA, 47 U.S.C. §227(b)(1)(A). (Compl. ¶¶14–15.) An individual informed Plaintiff the call was from LPC, but then transferred the call to an application manager who informed Plaintiff the call was from Hightech. (*Id*. ¶24.) Hightech alleges that the TCPA violation was the fault of Third Party Defendants who generated the lead. Thus, Hightech brings the Third Party Complaint for equitable indemnity, contribution and declaratory relief against all Third Party Defendants. Hightech also asserts a state law breach of contract claim against Elite and 800 Capital. Hightech invokes supplemental jurisdiction over the Third Party Complaint because the underlying Complaint is based on a violation of a federal statute, the TCPA. (TPC ¶10.) There is no diversity between the parties, and there would not otherwise be federal court jurisdiction.

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A court ruling on a Rule 12(c) motion applies the same standard used in a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 1996). The court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). It is the moving party's burden to demonstrate that both of these requirements are met. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). If matters outside the pleadings are presented to and not excluded by the court, a Rule 12(c) motion must be treated as one for summary judgment. FED. R. CIV. P. 12(d); *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

## III. ANALYSIS

### A. There is No Implied Right of Indemnity or Contribution Under the TCPA

As a preliminary matter, federal, not state law, applies to the causes of action for indemnity and contribution. To the extent Hightech's request for declaratory relief turns on these indemnity and contribution claims, the request is also governed by federal law. The gravamen of the Third Party Complaint is that violations of the federal TCPA entitle Third Party Plaintiffs to indemnification or contribution. Ultimately, Hightech seeks to have the Third Party Defendants pay some or all of the costs associated with those alleged violations of federal law. Hightech does not assert any claims on the basis of diversity jurisdiction. Therefore, federal law governs these claims. *See Donovan v. Robbins,* 752 F.2d 1170, 1179 (7th Cir. 1985) ("Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law" (citing *Laventhol, Krekstein, Horwath and Horwath v. Horwitch,* 637 F.2d 672 (9th Cir. 1980)).

Federal courts are courts of limited jurisdiction. *Nw. Airlines, Inc. v. Transport Workers Union of Am., AFL-CIO,* 451 U.S. 77, 96 (1981). "A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Mortgages, Inc. v. U.S. District Court for the District of Nevada,* 934 F.2d 209, 212 (9th Cir. 1991). Federal courts are generally reluctant "to recognize a right of contribution as a matter of either federal common law or statute." *See also Anderson v. Griffin,* 397 F.3d 515, 523 (7th Cir. 2005).

Here, neither the language of the TCPA, nor the legislative history point to the affirmative creation of a right of indemnity or contribution by Congress.

Furthermore, in passing the TCPA, Congress established a comprehensive scheme, which also evidences a congressional intent not to authorize additional remedies. *Nw. Airlines*, 451 U.S. at 93–94 ("The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement."). Additionally, the fact that the TCPA contemplates treble damages [47 U.S.C. §227(b)(3)] supports the conclusion that Congress had no intent to include a right of contribution. *See Glen Ellyn Pharmacy, Inc. v. Meda Pharm., Inc.,* No. 09C4100, 2011 WL 6156800, at *2 (N.D. Ill. Dec. 9, 2011) (citing *Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 639–40 (1981)). Furthermore, fashioning a right of contribution under federal common law is limited to "those few instances where 'a federal rule of decision is necessary to protect uniquely federal interests.'" *Mortgages, Inc.,* 934 F.2d at 213 (quoting *Texas Indus.,* 451 U.S. at 640). Uniquely federal interests generally involve topics "such as the definition of rights or duties of the United States[,] the resolution of interstate controversies," or admiralty. *Nw. Airlines,* 451 U.S. at 96. The TCPA does not raise such issues.

In opposition to the Third Party Defendants' motion, Hightech argues that the Ninth Circuit and the FCC have suggested that indemnity and contribution are available under the TCPA because sellers and third-party marketers may be jointly liable for TCPA violations. (ECF No. 63 at 5–6 (citing *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir. 2014); *In the Matter of the Joint Petition Filed by Dish Network, LLC et al. for Declaratory Ruling Concerning TCPA Rules,* 28 F.C.C. Rcd. 6574 (2013) [hereinafter "*Dish Network*"].) This argument improperly extends *Gomez* and *Dish Network* beyond the specific issue addressed by those decisions— the vicarious liability of a telemarketer (in this case Hightech) for the acts of its agent (in this case the Third Party Defendants). Both the Ninth Circuit and the FCC concluded that "calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *Gomez,* 768 F.3d at 878; *see also Dish Network*,

28 F.C.C. Rcd. at 6574. Neither decision ultimately evinces any conclusion as to the purported right of a telemarketer to seek indemnity or contribution from an agent, whether under the federal TCPA or federal common law. Therefore, the Court rejects Hightech's argument that Ninth Circuit and FCC precedent shows that indemnity and contribution are available under federal law for violations of the TCPA.

Like this Court, several courts considering the issue have concluded that claims for contribution and indemnity are not available under the TCPA. *See e.g. Envtl. Progress, Inc. v. Metro. Life Ins. Co.,* No. 12-cv-80907, 2013 WL 12084488, at *3 (S.D. Fla. April 1, 2013); *Garrett v. Ragle Dental Lab., Inc.,* No. 10 C 1315, 2011 WL 2637227 (N.D. Ill. July 6, 2011) ("The TCPA does not create an affirmative cause of action for contribution or indemnification [and] federal common law does not recognize such a cause of action."); *Kim v. Cellco P'ship,* No. 1:14-cv-312-JD-SLC, 2016 WL 871256 (N.D. Ill. Jan. 29, 2016) (same); *Glen Ellyn Pharmacy, Inc.*, 2011 WL 6156800, at *2 (same). The Court recognizes that the result may be that the true violator of the TCPA is not held responsible for his conduct, but this is an insufficient reason "for enlarging on the remedial provisions contained in th[is] carefully considered statute[]." *Nw. Airlines,* 451 U.S. at 97. Although Plaintiff could have filed suit against the Third Party Defendants, he chose not to do so. The TCPA "is in essence a strict liability statute" and it is not up to this Court to equitably temper its bite. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). The Court concludes the Third Party Defendants' Motion for Judgment on the Pleadings as to these claims must be **GRANTED**.

**B. The Court Declines to Exercise Supplemental Jurisdiction Over Hightech's Breach of Contract Claim**

Hightech argues that, even if its equitable indemnity and contribution claims are dismissed, it should be allowed to proceed on its state law claim for breach of contract against Elite and 800 Capital. (ECF No. 63 at 3–4.) The Court, however,

declines to exercise supplemental jurisdiction over this state law claim and the declaratory relief claim to the extent it is premised on this claim.

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. §1367(c)(3)); *see also Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("when a district court dismisses on the merits . . . federal claims over which it ha[s] original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in §1367(c)(1)-(4)." In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (internal brackets and citation omitted).

Here, Hightech's remaining breach of contract claim is brought under California state law. "[P]rimary responsibility for developing and applying state law rests with the state courts." *Neal v. E-Trade Bank*, No. CIV. S-11-0954 FCD, 2011 WL 3813158, at *4 (E.D. Cal. Aug. 26, 2011). Having dismissed the claims based on indemnity and contribution under the federal TCPA statute, and in consideration of the early stage of these proceedings, the Court declines to exercise supplemental jurisdiction over this state law claim. *See generally Banayan v. OneWest Bank F.S.B.*, No. 11CV0092-LAB WVG, 2012 WL 896206, at *2 (S.D. Cal. Mar. 14, 2012) ("There is no alleged basis for diversity jurisdiction in this case, and the Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain."); *Keen v. Am. Home Mortg. Servicing, Inc.*, No. CIV. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010) ("[W]hen federal claims are eliminated before trial, district courts should usually decline to exercise

supplemental jurisdiction.").

## C. The Court Sets Aside the Entry of Default Against the Remaining Third Party Defendant and Dismisses Claims Against Him

As the Court has noted, default was entered against Third Party Defendant Montazeran and he did not move with the other Third Party Defendants for judgment on the pleadings. Neither party has addressed how the Court should proceed as to Hightech's claims against him. In view of the Court's granting of the Third Party Defendants' motion, the Court concludes that there is good cause to set aside entry of default against Montazeran and the claims against him are subject to a Rule 12(b)(6) dismissal.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside a default for good cause. FED. R. CIV. P. 55(c). Rule 55 does not require a motion to set aside the entry of default and, therefore, a district court has the authority to set aside *sua sponte* an entry of default for good cause. *See Investcorp Retirement Specialist, Inc. v. Ohno*, Civ. No. 07-1304, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007). The Ninth Circuit has established a three-factor test to determine if "good cause" exists: (1) whether defendant's culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (2001). Because the test is disjunctive, a court may refuse to asset aside default based upon any of the factors. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108–09 (9th Cir. 2000). Here, there is no evidence showing that Montazeran intentionally failed to answer the Third Party Complaint. The failure to answer does not itself show that a deliberate willful, or bad faith failure to respond. *TCI Group Life*, 244 F.3d at 698. Based on the Court's disposition of the moving Third Party Defendants' motion for judgment on the pleadings, Montazeran has a meritorious defense to Hightech's claims. Moreover, Hightech would not be prejudiced by the setting aside of default

against Montazeran because setting aside the default will not hinder Hightech from pursuing its claims. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Accordingly, the Court finds that there is good cause to set aside the default against Montazeran.

Furthermore, the Court *sua sponte* dismisses Hightech's claims against Montazeran pursuant to Rule 12(b)(6). A court may dismiss a complaint pursuant Rule 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Because the Court has concluded that Hightech's claims for indemnity and contribution for violations of the TCPA fail as a matter of law, Hightech cannot possibly win the relief it seeks from Montazeran. Accordingly, the claims against Montazeran must be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The Third Party Defendants' Motion for Judgment on the Pleadings is **GRANTED**. (ECF No. 60.) The Court **DISMISSES WITH PREJUDICE** Hightech's claims for indemnity and contribution and, to the extent it is premised on such claims, Hightech's request for declaratory relief. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

2. The Court **DECLINES** to exercise supplemental jurisdiction over Hightech's state law breach of contract claim and, to the extent it is premised on such claim, Hightech's request for declaratory relief, pursuant to 28 U.S.C.

§1367(c).

3. The Court **ORDERS** that the entry of default against Third Party Defendant Montazeran be set aside. (ECF No. 37) Pursuant to Rule 12(b)(6), the Court **DISMISSES WITH PREJUDICE** Hightech's claims against Third Party Defendant Montazeran.

4. All Third Party Defendants are **DISMISSED** from the case and the Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: **January 31, 2018**

Hon. Cynthia Bashant
United States District Judge